**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5032-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN TORRES-ARROYO,
a/k/a JONATHON TORRES,
JONATHAN SRROYO,
JOHMATHAN TORRES-ARROYO,
and JONATHAN T. ARROYO,

     Defendant-Appellant.

_____

Argued November 7, 2018 – Decided November 21, 2018

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-12-1657.

Peter T. Blum, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Peter T. Blum, of counsel and on the brief).

Lauren Bonfiglio, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney

General, attorney; Lauren Bonfiglio, of counsel and on the brief).

PER CURIAM

After being away for a Fourth of July weekend, two pastors returned to their Jersey City residence to find a gate unlocked, the front door ajar, and other signs of a burglary. Two laptops, an iPad, an iPhone, cash, and other property were missing; found, however, was a soda bottle belonging to neither of them. Police obtained DNA from the soda bottle, and testing revealed the DNA, which would match less than one in seven trillion persons, matched defendant.

Defendant was charged with and convicted by a jury of third-degree burglary, N.J.S.A. 2C:18-2, and third-degree theft, N.J.S.A. 2C:20-3, and later sentenced to a seven-year prison term, subject to a twenty-eight-month parole disqualifier on the former, and a concurrent five-year prison term on the latter. Defendant appeals, arguing:

> I. THE EVIDENCE THAT A BOTTLE WITH [DEFENDANT'S] DNA WAS LEFT IN A JERSEY CITY HOUSE DURING A TWO-DAY PERIOD WHEN A BURGLARY ALSO OCCURRED WAS INSUFFICIENT TO PROVE THAT [DEFENDANT] WAS THE BURGLAR. U.S. CONST. AMEND. XIV; N.J. CONST. ART. I, PARA. 1.
>
> II. [DEFENDANT] WAS DEPRIVED OF THE RIGHT TO A JURY TRIAL BY A PAROLE DISQUALIFIER THAT WAS BASED ON THE COURT'S, NOT THE

2

JURY'S, FACTFINDINGS. U.S. CONST. AMENDS.
VI, XIV; N.J. CONST. ART. I, PARAS. 9, 10.

We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We add only a few comments.

Defendant first argues that the presence of his DNA at the crime scene was alone insufficient to support a conviction. He draws an analogy to our prior holding that "a conviction may be based solely upon fingerprint evidence as long as the attendant circumstances establish that the object upon which the prints are found was generally inaccessible to the defendant and, thus, a jury could rationally find beyond a reasonable doubt such object had been touched during the commission of the crime." State v. Watson, 224 N.J. Super. 354, 361 (App. Div. 1988).

Applying that standard, we are satisfied the DNA evidence could support the burglary and theft convictions because the soda bottle would not likely have been present unless defendant unlawfully intruded into the victims' residence. Even defendant's theory – that the soda bottle merely demonstrated he trespassed into premises previously or subsequently burgled by others – does not remotely fit the concerns we expressed in Watson. There, the defendant's fingerprint was found on a column outside the victim's apartment accessible to anyone. Ibid. In United States v. Collon, 426 F.2d 939, 941-42 (6th Cir. 1970), upon which

defendant also relies, the court held that the defendant's fingerprints on a roadmap in a getaway car constituted insufficient evidence of criminal involvement because it was shown that the years-old roadmap was available at most service stations and, once touched, the defendant's fingerprints could have remained for an indefinite period.

The DNA here provided ample evidence that defendant was present in the burgled premises sometime after the victims left at noontime on Friday, July 4, 2014, and before they returned approximately forty-eight hours later. At best, defendant's theory presupposes that he trespassed into the premises within whatever smaller part of that short time frame preceded or followed the burglary. Those circumstances are a far cry from Collon. And, in Watson, while there may theoretically have been an innocent explanation for the defendant's fingerprint in a public area outside the victim's apartment,[1] we held it was for a jury to determine that evidence's worth:

> We need not embark upon a speculative excursion and
> conjure up all possible innocent explanations as to why

---

[1] In Watson, the State presented evidence to support its theory that the defendant, who had never resided in the apartment complex, 224 N.J. Super. at 358, had apparently climbed a column outside the victim's second-floor apartment, hoisted himself up to the apartment's balcony by grabbing a flagpole holder, and cut through the balcony's screen door; the fingerprint was high enough on the column to suggest it was not likely placed there by one standing at ground level. 224 N.J. Super. at 357.

> defendant's fingerprints appeared at the scene of the crime. That function is not lawfully ours. As judges, we do not have a monopoly on common sense. We are entirely satisfied that the trial court was correct in submitting the issue to the jury.
>
> [224 N.J. Super. at 361-62 (citation omitted).]

Applying this same approach, we recognize that defendant was free to argue his DNA was in the victim's Jersey City premises for reasons other than the burglary or theft for which he was convicted.[2] But the persuasiveness of this theory and the weight or sufficiency of the evidence was for the jury to determine.

Defendant's second point is also without merit. He argues the parole disqualifier – imposed because he was shown to be a persistent offender – was unconstitutionally based on facts only the jury could determine. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (adopting what Justice Stevens stated in his concurring opinion in Jones v. United States, 526 U.S. 227, 252 (1999), that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed"). We disagree that Apprendi was offended here.

---

[2] The judge also charged trespass, so the jury had the means to adopt defendant's theory if they believed the evidence failed to support the State's claim that defendant committed burglary and theft.

5

The trial judge made a determination that three aggravating factors – the risk that defendant would commit another offense, N.J.S.A. 2C:44-1(a)(3), defendant's prior criminal record, N.J.S.A. 2C:44-1(a)(6), and the need for deterrence, N.J.S.A. 2C:44-1(a)(9) – substantially outweighed the mitigating factor that defendant would compensate the victim, N.J.S.A. 2C:44-1(b)(6). Those aggravating factors, however, were not based on evidence that constitutionally required a jury finding. They instead emanated from defendant's prior record and his numerous past burglaries, starting in 2005; the judge was constitutionally permitted to rely on the undisputed facts about defendant's past criminal troubles in finding the three aggravating factors that justified the twenty-eight-month period of parole ineligibility. See Alleyne v. United States, 570 U.S. 99, 116-17 (2013); see also Apprendi, 530 U.S. at 490; State v. Kiriakakis, __ N.J. __, __ (2018) (slip op. at 4).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5032-16T4